UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cr-00313 SEP PLC |
| ) | |
| JEAN CARLOS MORALES-DIAZ, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES'S MOTION FOR REVOCATION OF RELEASE ORDER AND FOR TEMPORARY STAY PENDING REVIEW**

COMES NOW the United States of America, by and through undersigned counsel, and respectfully requests review of the Order granting Defendant's temporary release under 18 U.S.C. § 3142(i). Doc. 17. The United States further requests a stay of that order and a resetting of the bond execution hearing scheduled for today, July 9, 2025, pending this review. In support thereof, the United States renews the arguments made in prior filings and emphasizes the following reasons, which demonstrate why this Court must deny Defendant's release.

**Background**

1. The Grand Jury indicted Defendant for one count of illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5). On the date of the offense, January 15, 2024, members of the St. Louis Metropolitan Police Department were on patrol in the area of Carondelet Park when they observed a black and red Ford Mustang, with a Texas temporary registration, traveling at a high rate of speed. Officers performed a traffic stop and approached the vehicle. The driver identified himself as the Defendant, but officers were unable to confirm his identity (due to his status as an illegal alien). As a result, officers asked the Defendant to step out of the vehicle while they continued their efforts to identify him.

2. While at the passenger side of the vehicle, an officer observed a black polymer P80 9mm handgun, with a large capacity magazine, laying on the floorboard in plain view. After

1

exhausting all available methods to identify the Defendant on-scene, officers arrested him for numerous traffic violations and ordered his vehicle to be towed. Officers then searched the Defendant's car and located five spent shell casings in the rear seat area. Officers also performed a computer inquiry on the Defendant's vehicle's temporary tag and V.I.N. and both returned with no registration. The firearm that was seized did not have a serial number and therefore no computer inquiry could be performed on it.

3. St. Louis Metropolitan Police officers later contacted an Immigration and Customs Enforcement (ICE) Agent and informed them of the incident, but the Defendant was released from custody before contact could be made. After several months had passed, the ICE agent exhausted all available leads to locate the Defendant, and the Department of Homeland Security (HSI) administratively closed its investigation of the Defendant.

4. Then, in March 2025, Defendant was arrested by members of the Town and County Police Department for operating a vehicle without a license. At that time, the Defendant provided information to the Town and County Police Department that HSI was able to access and use to locate the Defendant. As a result, HSI reopened the 2024 case against the Defendant, and arrested him on June 5, 2025.

5. Following his arrest by HSI, Defendant was advised of his *Miranda* rights (in Spanish) which he knowingly and voluntarily waived and provided a statement to law enforcement. In short, Defendant admitted he is a citizen of Honduras, entered the United States illegally, and is not in possession of any immigration documents that allow him to lawfully remain in the United States. Defendant also admitted to being in possession of the firearm at issue on January 15, 2024, and explained how he purchased the firearm, even though he knew he could not lawfully possess a firearm because he was in the United States illegally.

6. Citing that there is no condition or combination of conditions that will reasonably assure the appearance of the Defendant and the safety of the community, the Government moved for pretrial detention pursuant to 18 U.S.C. § 3142(f)(1). Doc. 4. The Government noted in their

detention motion that the Defendant had previous traffic offenses, which he had failed to appear for, failed to appear to immigration proceedings, and was a citizen of Honduras.

7. The Pretrial Services Office prepared a report in which in it recommended detention on grounds of risk of non-appearance and danger. Doc. 14. They cited to the Defendant's arrest for a weapon's offense, the fact that he is a citizen of Honduras and has families ties to that country, has no property ties to the Eastern District of Missouri, and has a history of failing to appear as factors leading to their recommendation of detention.

8. After conducting a detention hearing on June 16, 2025, Judge Cohen took the matter under advisement after hearing oral arguments for both sides as to pre-trial detention. Doc. 6.

9. On July 8, 2025, Judge Cohen entered a docket order denying the motion for pre-trial detention and set a hearing for the Defendant's release on bond. Doc. 17. A written order denying the motion has not yet been filed, so it is unclear which specific grounds the Court used to arrive at its decision.

## Standard of Review

10. "If a person is ordered released by a magistrate judge . . . (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . ." 18 U.S.C. § 3145(a)(1).

11. This Court reviews an order of release under a *de novo* standard. *See United States v. Maull*, 773 F.2d 1479, 1481, 1485 (8th Cir. 1995) (finding district court "had the duty under the Bail Reform Act to deny release" after finding that no conditions of release could assure appearance). "The power to decide must finally reside in the Article III court" and this "substantial responsibility" must not "be diminished by the earlier action of a magistrate." *Id.* at 1486. Accordingly, "the district court may conduct evidentiary hearings if 'necessary or desirable' . . . [in its] sound discretion." *United States v. Miell*, No. CR07-101-MWB, 2009 WL 1956451, at *1 (N.D. Iowa July 6, 2009) (quoting *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990)).

12. Both the district court and the magistrate judge have the authority to stay a release

3

order pending review. *See, e.g., United States v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2009) (collecting cases where district courts have stayed pretrial release orders); *United States v. Salman*, 241 F. Supp. 3d 1288, 1289-90 (M.D. Fla. 2017) (both the district court and magistrate judge stayed a release order "to allow the Government to seek review"). As the Fifth Circuit has explained, while "§ 3145 does not expressly authorize a stay," the absence of such authority would defy logic as it would "render the district court's review power illusory." *Brigham*, 569 F.3d at 230

## Analysis

13. Pursuant to the Bail Reform Act of 1984, a "judicial officer shall order the pretrial release of the person on personal recognizance . . . unless the judicial officer determines that such release ***will not reasonably assure the appearance of the person*** as required or ***will endanger the safety of any other person or the community.***" 18 U.S.C. § 3142(b) (emphasis added). Additionally, 18 U.S.C. § 3142(f) (emphasis added) states the following:

> **(f)** Detention hearing.--The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection **(c)** of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community--
> . . .
> **(1)** upon motion of the attorney for the Government, in a case that involves—
> **(E)** ***any felony*** that is not otherwise a crime of violence . . . that ***involves the possession or use of a firearm*** . . . .

Title 18, United States Code, Section 3142(f)(1)(E) is at issue in the instant case. To seek detention under (f)(1), there is no preliminary inquiry regarding whether there is a serious risk that the defendant will flee. *See United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023); *also see United States v. Abdullahu*, 488 F.Supp.2d 433, 438 (D. New Jersey May 24, 2007). Instead, the Court is only to determine, by a preponderance of the evidence, whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required. 18 U.S.C. § 3142(e)(1); *United States v. Delgado,* 985 F. Supp.2d 895, 897 (N.D. Iowa December 4, 2013), *also see United States v. Apker,* 964 F.2d 742, 743 (8th Cir. 1992). In doing so, the Court

4

is required to consider the following factors when determining if there are conditions of release that will reasonably assure the appearance of the person:

>**(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>**(2)** the weight of the evidence against the person;
>
>**(3)** the history and characteristics of the person, including—
>
>>**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>>**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

### A. *Nature and Circumstances of the Offense and Weight of the Evidence*

On the evening of January 15, 2024, the Defendant, who has been illegally present in the United States since 2019, was illegally operating an unregistered motor vehicle and found in possession of an illegal firearm, a "ghost gun." Moreover, at the time the firearm was recovered, officers located five spent shell casings from his car.[1] Lastly, when the Defendant was interviewed,

---

[1] The undersigned has reviewed a St. Louis Metropolitan Police Report in which the defendant was investigated for being a possible suspect in a series of gang-related shootings, however, the investigation is still ongoing and no arrest of the defendant has been made in that matter.

he admitted to possessing the firearm, and to knowing he could not lawfully possess the firearm because he was in the United States illegally. Needless to say—the weight of the evidence is strong.

### B.   *History and Characteristics of the Defendant*

The defendant's criminal history shows a lack of ties to the community. According to the Pretrial Services Report (PTSR), the Defendant is a citizen of Honduras and both of his parents, and six of his seven siblings live in Honduras. Doc. 14. The Defendant also has no property ties to the Eastern District, and lacks verifiable, legitimate employment. *Id*. The PTSR also highlights that the Defendant has a history of failing to appear for court proceedings.

Here, no condition or combination of conditions will reasonably assure the appearance of the defendant as required. *See United States v. Abad*, 350 F.3d 793, 799 (8th Cir. 2003) (holding non-citizen defendant was a flight risk despite family members' willingness to pledge equity interest in home where potential sentence was significant, family's willingness to supervise was entitled to little weigh because he committed the crime while living at home, and taking his passport had "little flight deterrence considering the ease of travel to Mexico and Canada") (citing *United States v. Mercedes*, 254 F.3d 433, 438 (2d Cir. 2001) (holding unemployed, non-citizen defendant was a flight risk)). "To hold otherwise would allow an alien but not a citizen to thwart the legitimate societal interest in seeing that the laws passed by Congress are obeyed by all." *United States v. Campos*, No. CR. 2:10-MJ-6-SRW, 2010 WL 454903, at *5 (M.D. Ala. Feb. 10, 2010). To release the Defendant would give the Defendant, and others similarly situated, a "get out of jail free card." *Id*. "[T]he government has a legitimate interest in securing the appearance of a defendant at trial and the plain meaning of the statute addresses this very issue." *Id.* at *3 (citing *Stack v. Boyle,* 342 U.S. 1, 5 (1951) ("Since the function of bail is limited, the fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the

6

presence of that defendant."); *United States v. Medina,* 775 F.2d 1398, 1402 (11th Cir. 1985) ("The government's interest in securing the appearance of a defendant at trial is constitutionally sufficient to warrant pretrial detention where necessary to insure that the defendant will not flee the jurisdiction."); 8 C.F.R. § 215.3 ("The departure from the United States of" "[a]ny alien who is needed in the United States as ... a party to[] any criminal case ... pending in a court in the United States" is "deemed prejudicial to the interests of the United States."). For all these reasons, there is no condition or combination of conditions that will reasonably assure the appearance of the Defendant and the safety of the community.

WHEREFORE, the United States respectfully requests review of the Order and a stay of Defendant's release pending this review.

Respectfully submitted,

MATTHEW T. DRAKE
Acting United States Attorney


/s/ *Phillip J. Voss*
PHILLIP J. VOSS, #6317069 (IL)
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200
phillip.voss@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 9, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Attorney for Defendant.

                                                 /s/ *Phillip J. Voss*
                                                 PHILLIP J. VOSS. #6317069 (IL)
                                                 Assistant United States Attorney